### LOUIS H. KRUEGER

*v.*

### THE STATE OF ILLINOIS.

*Opinion filed April 1, 1905.*

STATUTE OF LIMITATIONS—*Claim for a definite sum as compensation for military services not barred by.* Claimant served in the State militia and earned $37 from the State which he has not received because of his absence in the Philippines during the life of the appropriation made to pay the claim. *Held* that such claim is not an unliquidated claim barred by the statute of limitations, because not presented within two years from the time the claim arose.

On the 26th day of April, 1898, the claimant, Louis H. Krueger, as a member of Troop "M," First Illinois Volunteer Cavalry was called into service by the State, and on the 21st day of May of said year was mustered into the United States service and immediately thereafter as a part of the regular army, was sent to the Philippine Islands where he was mustered out of service, and returned to this country. Having served 25 days in said Troop "M," he was entitled to the sum of fifty ($50.00) dollars from the State for said services, as is provided by the Military Code of this State, article 8, paragraph 35, Starr & Curtis, Statutes. Prior to his departure to the Philippine Islands he received from the State the sum of thirteen ($13.00) dollars, and this claim for thirty-seven ($37.00) dollars is for the balance due him for said services.

The pay roll of said Troop "M," filed by the Adjutant General with the State Auditor, shows that the claimant actually served the number of days claimed, and that

there is thirty-seven ($37.00) dollars yet due him from the State. An appropriation to pay this amount together with similar claims was made by the General Assembly in 1899. Which appropriation the claimant was unable to avail himself of because of his said absence. That the claimant rendered the services or that said amount is due him is not denied by the State. It is contended, however, that this claim is barred by the statute of limitations. The statute so relied upon provides that all persons having *unliquidated* claims against the State of Illinois shall present the same within two years from the time such claims may have arisen. When the claimant entered into the services of the State the above section of the military code, which was in force, provided the amount of compensation he should receive for his services and his enlistment became an acceptance of the provisions of said code by which the sum he was to receive became fixed and certain and, therefore his claim does not come within the statute of limitations. We accordingly award the claimant Louis H. Krueger the sum of thirty-seven ($37.00) dollars the amount of his claim in this proceeding.